**Record/FILE ON DEMAND**

Acceptance of Offer with full immunity AND WITHOUT RECOURSE! NLB2019-1008NLBLBCATR-ATRAB2BOA1© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

2019 OCT -8 PM 4:53   RECEIVED USDC CLERK, CHARLESTON, SC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

In the Matter of the Arbitration of Certain Disputes, Claims and Controversies between

Nelson L. Bruce,

           Petitioner,

vs.

BANK OF AMERICA, N.A., WILIMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC;

           Respondents.

CASE NO.: 2:19-cv-2854-BHH-BM

**PETITION FOR ORDER CONFIRMING ARBITRATION AWARD** pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9 and 13

## PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT

The Petitioner, **Nelson L. Bruce,** respectfully moves this Court for Original Jurisdiction, for an order and entry of a judgment confirming a final arbitration award in its entirety pursuant to **9 U.S.C. §§ 9 and § 13,** and enforcement of the award that was issued to the Petitioner (the Claimant on the award) from the Arbitration of the **Sitcomm Arbitration Association ("SAA" also known as SAA LIMITED)** by the Arbitrator of record. The SAA Tribunal determined that **Bank of America, N.A., Wilmington Savings Fund Society, FSB, and Carrington Mortgage Services, LLC ("Collectively the Respondents"),** are liable to Petitioner for breach of Contractual Agreement (the Performance Contract) and awarded the Petitioner **$246,681.11 (Two Hundred Forty Six Thousand Six Hundred Eighty One U.S. Dollars and Eleven Cents)** in monetary damages from each separate respondent referenced above for a total of **$740,043.33 (Seven Hundred Forty Thousand Forty Three U.S. Dollars and Thirty Three Cents)** in damages, as the agreement is coupled with interests. The award is intended to be "final

and binding and enforceable in any court of competent jurisdiction".

## I. Jurisdiction and Venue:

This court has original subject matter jurisdiction of this proceeding to confirm a final arbitration award pursuant to **9 U.S.C. § 9 and § 13**, diversity, and because the amount in controversy exceeds the sum of **$75,000.00 (28 U.S. Code § 1332)** as stipulated in the contract and the award. Venue properly is established in this judicial district pursuant to **9 U.S.C. § 9 and § 13**.

## II. Parties

1. **Petitioner**, Nelson L. Bruce is a citizen of the State of **South Carolina** with an address of **144 Pavilion Street, Summerville, South Carolina 29483** which is within the Jurisdiction of this venue.

2. **Respondent 1, Bank of America, N.A.**, principle place of business is **Charlotte North Carolina**, with an address of **100 N Tryon Street, Charlotte, North Carolina 28202-4000** which is within the Jurisdiction of this venue because of diversity.

3. **Respondent 2, Wilmington Savings Fund Society, FSB**, principle place of business is **Wilmington Delaware**, with an address of **500 Delaware Avenue, Wilmington, Delaware 19801-1490** which is within the Jurisdiction of this venue because of diversity.

4. **Respondent 3, Carrington Mortgage Services, LLC**, place of business is **Westfield Indiana**, with a mailing address of **P.O. Box 5001, Westfield, Indiana 46074-5001** which is within the Jurisdiction of this venue because of diversity.

## III. Statement of Facts of the Case:

5. The parties agreed, in written agreements evidencing transactions involving commerce, to settle by arbitration any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability thereafter arising out of such contract between the parties, a true and correct copy of which is attached hereto as **Exhibit – A** which is hereby incorporated by reference in its entirety.

6. The parties submitted the controversies between them to arbitration administered by the **Sitcomm Arbitration Association ("SAA")**.

7. The parties have agreed and applicable law provides that a judgment may be entered upon the Award made pursuant to the arbitration proceeding.

8. The stated hearing for the arbitration was electronically performed on **May 13, 2019** as provided on SAA homepage website at **www.saalimited.com**.

9. On **May 18, 2019**, the arbitrator issued an award (the "Award"), a true and correct copy of the authenticated original **Final Award** is attached hereto as **Exhibit - B** which is hereby incorporated by reference in its entirety.

10. The petitioner received the original authenticated Arbitration "Award" mailed to him from **SAA** on **June 1, 2019** and the adverse parties received a copy of the arbitration award mailed out from **SAA** on or about **June 1, 2019** through **June 3, 2019** (See…**Exhibits – C** for proof of delivery of the award under **U.S.P.S. Priority Mail** which is hereby incorporated by reference in its entirety), therefore all parties received adequate Notice of the Award to which was delivered to them at their addresses as provided in **Exhibit – B**.

11. There have been no applications nor motions filed in any **U.S. District Courts** nor any other court of Original Jurisdiction to contest the referenced award as prescribed in sections **9 U.S. Code § 10 and § 11**, to vacate, modify, or correct the award as of the date of the filing of this petition in the timeframe prescribed under **9 U.S. Code § 12** after a copy of the award was filed or delivered to the respondents.

12. The court must grant the relief requested as prescribed in section **9 U.S. Code § 9**. Confirmation of an Arbitration Award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickhols, 750 F. 2d 171, 176 (2d Cir. 1984)*, the Supreme Court has explained, "(t)here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed'

exceptions applies." ***Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).*** In this case, none of the exceptions apply as there has been no applications nor motions filed by any of the adverse parties in **U.S. District Court** or any other court of **Original Jurisdiction** as provided above to **vacate, modify, or Correct** the referenced award.

13. Confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." **Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).**

14. All adverse parties (the respondents) have been or will be served with a copy of the petition plus exhibits under **U.S.P.S. Certified Mail** upon which the petition to confirm the award is based (See Notice of Petition filed shortly after this filing).

### IV.   Arguments:

15. The Movant has a natural right (statutory or otherwise) to an order and judgment confirming the Award and enforcing the award in its entirety. The respondents are **barred** from contesting and challenging the award, this petition for confirmation and enforcement of the award in any way, shape, form or manner as they have failed to do so within **3 months (90 days)** as the law prescribes. The applicable statutes **9 U.S.C. § 9, § 12 and § 13 states:**

**9 U.S.C. § 9:**

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant** such an order unless the award is **vacated, modified, or corrected** as prescribed in **sections 10 and 11** of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**9 U.S. Code § 12:**

<u>**Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.**</u> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

**9 U.S. Code § 13:**

The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
(b) The award.
(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

The judgment shall be docketed as if it was rendered in an action.

The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

16. It has been over **3 months, 90 days** (the statute of limitations as prescribed in sections **9 U.S. Code § 12** to contest the award as prescribed above) since a copy of the award was filed and or delivered to the adverse parties (the respondents in this matter).

17. Courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is barred from raising affirmative defenses in a suit to enforce the award." *See…Sheet Metals Workers Nat'l Pension Fund v. Metals & Machining Fabricators, Inc., 622 F. Supp. 116, 118 (D.D.C. 1985)*; see also *International Technologies Integration, Inc. v. Palestine Liberation Org., 66 F. Supp. 2d 3, 14 (D.D.C. 1999)*. "Any other result would do violence to the underlying purposes of arbitration in general and the FAA." *Palestine Liberation Org., 66 F. Supp. 2d at 14.* The respondents are barred from raising affirmative defenses in opposition to this petition to confirm and enforce the **"award"** and any arguments of this nature is meritless.

### V.   Relief Requested:

For the foregoing reasons, the Petitioner is entitled to the following equitable relief within 45 days or less from the date of this petition: An order confirming the Award; An order against the respondents estopping them from maintaining and/or bringing forth any action against the Petitioner, the Petitioner's heirs, and/or the Petitioner's properties permanently which shall constitute as a permanent injunction against the Respondent(s) respecting Petitioner's and the Petitioner's interest, comprised and embodied within the contractual agreement; Entry of a judgment and decree which may be enforced as any other judgment and decree, and such other relief as to which the Petitioner may appear to be entitled to as provided by the award and the agreement. A Proposed Order Confirming the Arbitration Award is attached hereto as **Exhibit - D** which is hereby incorporated by reference in its entirety.

**DATED this 8th day of October, 2019.**

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

*Nelson L. Bruce*   10-8-19

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901