**Record/FILE ON DEMAND**

Acceptance of Offer with full immunity AND WITHOUT RECOURSE! NLB2020-0131NLBWILMBOATR2-ATRAB2BOA1-1© is secured and reserved with all rights retained, Private Property, no trespass permitted or allowed under common law restrictions and prohibitions.

[Stamps: RECEIVED USDC CLERK, CHARLESTON, SC — 2020 FEB 3 PM 0:47; RECEIVED USDC CLERK, CHARLESTON, SC — 2020 JAN 31 AM 05:07]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, <br><br> Petitioner, <br><br> vs. <br><br> BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC, et al. <br><br> Respondents. | CASE NO.: **2:19-cv-02854-BHH-BM** <br><br> **1ST AMENDED VERIFIED PETITION FOR ENTRY OF ORDER CONFIRMING ARBITRATION AWARD** pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9 and 13 |

The Petitioner, **Nelson L. Bruce,** respectfully moves this Court for Original Jurisdiction, for an entry of an order confirming an arbitration award in its entirety pursuant to **9 U.S.C. §§ 9 and § 13,** and enforcement of the award that was issued to the Petitioner (the Claimant on the award) and rendered by the **Sitcomm Arbitration Association ("SAA")** arbitration panel in the arbitration proceeding under Arbitration No.: **SAA-Z2Z7SG-3P651G3-C4A9OYA-9984748**. The SAA Tribunal determined that **Bank of America, N.A., Wilmington Savings Fund Society, FSB, and Carrington Mortgage Services, LLC ("Collectively the Respondents"),** are liable for and shall pay to Petitioner for breach of Contractual Agreement (the Performance Contract) and awarded the Petitioner **$246,681.11 (Two Hundred Forty Six Thousand Six Hundred Eighty One U.S. Dollars and Eleven Cents)** in monetary damages from each separate respondent referenced above for a total of **$740,043.33 (Seven Hundred Forty Thousand Forty Three U.S. Dollars and Thirty Three Cents)** in monetary damages, as the agreement is coupled with interests. The award is intended to be "final and binding and enforceable in any court of competent jurisdiction".

### I. Jurisdiction and Venue:

1. This court has original subject matter jurisdiction of this proceeding to confirm a final arbitration award pursuant to **9 U.S.C. § 9 and § 13**.

2. Subject matter jurisdiction of this Court is achieved pursuant to **28 U.S.C. Section 1332**, based on diversity of citizenship. The Petitioner is a citizen of a State other than **North Carolina, Delaware, and Indiana.**

3. The amount in controversy to establish diversity jurisdiction is also met as the award at issue exceeds **$740,000**.

4. This court has jurisdiction over the persons of the respondent(s) because it has been duly served with process in accordance with **9 U.S.C. § 9**.

5. Venue properly is established in this judicial district pursuant to **9 U.S.C. § 9 and § 13**.

### II. Parties

6. **Petitioner**, Nelson L. Bruce is a citizen of the State of **South Carolina**.

7. **Respondent, Bank of America, N.A. (A.K.A. Bank of America)**, is a corporation organized under the laws of the State of **North Carolina** with its principal place of business in **Charlotte, North Carolina** which is within the Jurisdiction of this venue because of diversity.

8. **Respondent, Wilmington Savings Fund Society, FSB**, is a corporation organized under the laws of the State of **Delaware** with its principal place of business in **Wilmington, Delaware** which is within the Jurisdiction of this venue because of diversity.

9. **Respondent, Carrington Mortgage Services, LLC**, is a corporation organized under the laws of the State of **Indiana** with a place of business in **Westfield, Indiana** which is within the Jurisdiction of this venue because of diversity.

### III. Statement of Facts of the Case:

10. The parties agreed, in a written agreements evidencing transactions involving commerce, to settle by arbitration any controversy or claim arising out of or relating in any way to this Agreement with

regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability thereafter arising out of such contract between the parties, a true and correct copy of has already been filed on the record in this case as of **October 8, 2019** as **Exhibit – A** and is hereby reintroduced and incorporated by reference in its entirety with this amended petition.

11. The parties submitted the controversies between them to in regards to the referenced agreement to arbitration administered by the **Sitcomm Arbitration Association ("SAA")**.

12. The parties have agreed and applicable law provides that a judgment may be entered upon the Award made pursuant to the arbitration proceeding.

13. The parties were notified of the Arbitration hearing scheduled and conducted on **May 13, 2019** which was electronically performed as provided on **SAA** homepage website at **www.saalimited.com**.

14. On **May 18, 2019**, the Arbitrator signed and issued a **Final Arbitration award** (the "**Award**") and the Committee Member of **SAA** also signed the **Award** which a true and correct copy of the authenticated original **Award** has already been filed on the record in this case as of **October 8, 2019** attached as **Exhibit - B** which is hereby reintroduced and incorporated by reference in its entirety with this amended petition.

15. The petitioner received the original authenticated Arbitration "Award" mailed to him from **SAA** on **June 1, 2019** and the adverse parties, the respondents in this matter received a copy of the arbitration award mailed out from **SAA** on or about **June 1, 2019** (See…**Exhibits – C** for proof of delivery of the award under mailed under **U.S.P.S. Priority Mail** which has already been filed on the record in this case as of **October 8, 2019** which is hereby incorporated by reference in its entirety with this amended petition), therefore all parties received adequate Notice of the Award to which was delivered to them at their addresses as provided in **Exhibit – B** which is hereby incorporated by reference in its entirety.

## IV.     THE COURT'S AUTHORITY UNDER THE FEDERAL ARBITRATION ACT

16. The Movant has a natural right (statutory or otherwise) to an order and judgment confirming the Award and enforcing the award in its entirety. The respondents are **barred** from contesting and challenging the award, this petition for confirmation and enforcement of the award in any way, shape, form or manner as they have failed to do so within **3 months** as the **FAA statute** prescribes. The applicable statutes **9 U.S.C. § 9, § 12 and § 13 states:**

**9 U.S.C. § 9:**

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant** such an order unless the award is **vacated, modified, or corrected** as prescribed in **sections 10 and 11** of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**9 U.S. Code § 12:**

> **Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.** If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

**9 U.S. Code § 13:**

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

The judgment shall be docketed as if it was rendered in an action.

The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

17. There have been no applications nor motions filed in any **District Court of the United States** at any competent court under **original jurisdiction** to contest the referenced award as prescribed in sections **9 U.S. Code § 10** and **§ 11**, to vacate, modify, or correct the award as of the date of the filing of this petition in the timeframe prescribed under **9 U.S. Code § 12** after a copy of the award was filed and/or delivered to the respondents.

18. The court must grant the relief requested as prescribed in section **9 U.S. Code § 9**. Confirmation of an Arbitration Award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickhols, 750 F. 2d 171, 176 (2d Cir. 1984)*, the Supreme Court has explained, "(t)here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008)*. In this case, none of the exceptions apply as there has been no applications nor motions filed by any of the adverse parties in any **District Court of the United States** at any competent court under **original jurisdiction** as provided above to **vacate, modify, or Correct** the referenced award. This court must confirm the award and failure to do so would be construed under **18 U.S.C. 242 – Deprivation of Rights** to utilize the federal arbitration act, under color and authority of law.

19. Confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)*.

20. The Federal Arbitration Act (FAA), **9 U.S.C. §§ 9–11**, directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (stating "the court must grant such an order [to confirm]" **(emphasis added)**); *Washington Mut. Bank v. CrestMortg. Co., 418 F. Supp. 2d 860, 862 (N.D. Tex. Dallas Div. 2006)*; see also *Terrell Lebeaux Warren Individually, et al. v. Benjamin Geller, et al., 2019 WL 1979925, at \* 7 (E.D. La. May 3, 2019)* (stating that judicial

review of arbitration decisions is "extraordinarily narrow"). Accord *Weinberg v. Silber, 2003 WL 147530, at * 2 (5th Cir. Jan. 6, 2003); Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 (5th Cir. 2004); Pershing LLC v. Kiebach, No. 14-2549, 2017 WL 2226130, at *2 (E.D. La. May 22, 2017), aff'd sub nom. 721 F. App'x 376 (5th Cir. 2018); Tortorich v. Musso, No. 07-3912, 2007 WL 3244396, at *2 (E.D. La. Nov. 1, 2007)*("Courts 'apply a highly deferential standard when reviewing arbitration awards.'" *(quoting Int'l Chem. Workers Union v. Columbian Chems. Co., 331 F. 3d 491, 494 (5th Cir. 2003))))*.

21. The FAA provides expedited judicial review to confirm, vacate, or modify arbitration awards. As noted, under § 9, a court "must" confirm an award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits." *Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 1398, 170 L.Ed.2d 254 (2008)*. None of the criteria listed in either § 10 or § 11 are present here.

22. The FAA prescribes a **3 month (90 days on average)** statute of limitations period under **9 U.S. Code § 12** to file <u>**a motion to vacate, modify, or correct an award after it has been filed or delivered to the adverse party or their attorney.**</u> In this case, the **three-month limitations period** for a motion to vacate the Arbitration Award began to run on **June 1, 2019** when a copy of the Award was delivered to the adverse parties, the respondents, and that the limitations period subsequently expired on **September 1, 2019 (See…Exhibits – C Proof of delivery via U.S.P.S. First Class Priority Mail)** which is past the time period prescribed under the FAA statute to contest the final arbitration award as referenced above. Courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is barred from raising affirmative defenses in a suit to enforce the award." *See…Sheet Metals Workers Nat'l Pension Fund v. Metals & Machining Fabricators, Inc., 622 F. Supp. 116, 118 (D.D.C. 1985)*; see also *International Technologies*

*Integration, Inc. v. Palestine Liberation Org., 66 F. Supp. 2d 3, 14 (D.D.C. 1999)*. "Any other result would do violence to the underlying purposes of arbitration in general and the FAA." *Palestine Liberation Org., 66 F. Supp. 2d at 14.* The respondents are therefore barred from raising affirmative defenses in opposition to this petition to confirm and enforce the **"award"** and any arguments of this nature is meritless.

23. Accordingly, this Court, therefore, has the authority to confirm the Award under **9 U.S.C. § 9** and to enter judgment under **9 U.S.C. § 13**.

24. Petitioner request that the Court retain jurisdiction to enter such other and further orders as the Court deems necessary and proper to enforce the performance contract and the award.

## V.    Relief Requested:

25. For the foregoing reasons, the Petitioner is entitled to the following expedited judicial review for equitable relief and monetary damage relief of the following:

    A) An order Confirming the Arbitration Award, dated **May 18, 2019**, in the favor of Petitioner; and

    B) Entering final judgment in favor of Petitioner and against Respondent's awarding Petitioner a total of **$740,043.33 (Seven Hundred Forty Thousand Forty Three U.S. Dollars and Thirty Three Cents)** in monetary damages, as detailed in the Award; and

    C) An order against the respondents estopping them from maintaining and/or bringing forth any action against the Petitioner, the Petitioner's heirs, and/or the Petitioner's properties permanently which shall constitute as a permanent injunction against the Respondent(s) respecting Petitioner's and the Petitioner's interest, comprised and embodied within the contractual agreement as detailed in the Award; and

    D) Entry of a judgment and/or decree which may be enforced as any other judgment and decree, and such other relief as to which the Petitioner may appear to be entitled to as provided by the award and the agreement; and

    E) Reserving jurisdiction to enter such other and further orders as this Court deems necessary and

proper to enforce the performance contract and the award; and

F) Awarding Petitioner such other and further relief as this Court deems just and proper to enforce the performance contract and the award.

An Amended Proposed Order Confirming the Arbitration Award is attached hereto as **Exhibit - D** to replace the previous **Exhibit – D** which is hereby incorporated by reference in its entirety.

DATED this 31st day of **January, 2020.**

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

*Nelson L. Bruce*  1-31-2020

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901

## VERIFICATION

I, **Nelson L. Bruce**, being duly sworn, deposes and says:

1. I am the Petitioner in this action; and
2. I have read the foregoing *1ST AMENDED VERIFIED PETITION FOR ENTRY OF ORDER CONFIRMING ARBITRATION AWARD*, and know the contents thereof to be true, correct and accurate, of my own personal knowledge, except those matters that are stated on information and belief and as to those matters I believe them to be true and accurate; and
3. I have firsthand personal knowledge of myself, my activities, my intentions and the facts of this matter, including those set out in the foregoing *1ST AMENDED VERIFIED PETITION FOR ENTRY OF ORDER CONFIRMING ARBITRATION AWARD* and if called on to testify I would competently testify as to the matters stated herein.

I certify that the foregoing facts are true, correct and accurate. Executed on this 31st day of **January, 2020.**

"Without Prejudice"

*Nelson L. Bruce*  1-31-2020

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901

## NOTARY ACKNOWLEDGMENT

STATE OF South Carolina     )
                            )
COUNTY OF  SC (Dorchester)  )

On this 31 day of **January, 2020** before me _Cristine N Glazier_ (Notary Public) personally appeared **Nelson L. Bruce**, being identified by a valid South Carolina State Driver's License states that he has read the **1st Amended Verified Petition For Entry of Order Confirming Arbitration Award** and the relief requested, and that he has personal knowledge of the facts presented being true, correct and accurate, and signed the documents before me.

Notary Public Signature: _____     Date: 01-31-2020

My Commission expires: 02-17-2020

[Notary Seal: CRISTINE N GLAZIER, COMM. EXP. NOTARY PUBLIC FEBRUARY 17, 2020 SOUTH CAROLINA]