IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| Nelson L. Bruce,                                                            ) | |
|                                                                             ) | |
|                                    Petitioner,    ) | Civil Act. No. 2:19-cv-02854 |
|                                                                             ) | |
| v.                                                                          ) | |
|                                                                             ) | |
| Bank of America, N.A.; Wilmington      ) | |
| Savings Fund Society, F.S.B; and            ) | |
| Carrington Mortgage Services, LLC,     ) | |
|                                                                             ) | |
|                                  Respondents.  ) | |
|                                                                             ) | |

**RESPONDENT BANK OF AMERICA, N.A.'S RESPONSE IN
OPPOSITION TO PETITION FOR ORDER CONFIRMING ARBITRATION AWARD**

The Petition for Order Confirming Arbitration Award is wholly improper for the fundamental reason that there was no arbitration agreement between Petitioner Nelson L. Bruce ("Petitioner") and Respondent Bank of America, N.A. ("BANA"). Indeed, the Petition represents a fraudulent—and harassing—attempt to enforce an invalid arbitration "award" against BANA to the tune of nearly $740,046.33 (the "Award") purportedly issued by the Sitcomm Arbitration Association ("SAA"). Petitioner's tactics are part of an arbitration scam that has recently been targeting financial institutions among others.[1]

---

[1] As reflected by the multitude of filings, this arbitration scam is being perpetrated across the country and against all kinds of respondents. Courts in many jurisdictions have recognized that the fraudulent and invalid nature of these purported awards. *See*, *e.g.*, *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Jan. 8, 2020) (finding the conditional acceptance was not binding and granting motion to vacate arbitration award); *Nichols v. U.S. Bank, N.A.*, No. 2:19-mc-162 (S.D. Miss. Jan. 6, 2020) (denying confirmation of purported arbitration award and entering an order to show cause why the plaintiff should not be sanctioned for seeking confirmation of award); *Kalamowitz v. Fed. Home Mortg. Corp.*, No. 6:19-mc-10, 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019) (vacating the award and finding the arbitration documents have no legal validity); *Meekins v. Lakeview Loan Servicing, LL*, No. 3:19-cv-501, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019); *Grant v. Bank of America, N.A.*, No. 8:19-cv-01977-VAP (C.D. Cal. Dec. 20, 2019); *Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 1:19-cv-5482 (N.D. Ill. Aug. 14, 2019); *Teverbaugh v. First Guaranty Mortg. Corp.*, No. 1:19-cv-5485 (N.D. Ill. Aug. 14, 2019); *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-CV-482, 2019 WL 4276995, at *1 (N.D. Okla. Sept. 10, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019).

The scam centers on the issuance of fake arbitration hearing "notices" with little notice and no underlying arbitration agreement (or even dispute beyond the claimant's request for funds), followed the issuance of fraudulent "awards" issued without any hearing, and finally subsequent invoices demanding payment. The Petition is nothing more than yet another improper effort to enforce an invalid arbitration "award" that is not legally binding. Accordingly, BANA respectfully asks that this Court deny the Petition and either vacate or strike the Award.

## FACTUAL AND PROCEDURAL BACKGROUND

The current action before the Court is one of six lawsuits that involve Bruce and BANA.

### I.    Civil Action No. 2:17-cv-01864

The first case Bruce filed against BANA with this court was assigned civil action no. 2:17-cv-01864. In that action, Bruce alleged claims for violation of the Fair Debt Collections Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA"). In the complaint for this initial action, Bruce makes no mention of resolving his dispute with any arbitration forum. Ultimately, Bruce and BANA settled this lawsuit pursuant to a confidential, written settlement agreement, and Bruce voluntarily dismissed the action with prejudice.

### II.   State Court Foreclosure Action No. 2016-CP-18-01678

In a separate action, BANA filed a foreclosure against Bruce with the Court of Common Pleas for Dorchester County, South Carolina ("State Court") under civil action number 2016-CP-18-01678. Instead of attempting to arbitrate the merits of the foreclosure action, Bruce filed a motion to dismiss and asked the State Court—rather than any arbitral forum—to adjudicate the merits of the foreclosure and his dispute with BANA. After the State Court denied Bruce's motion to dismiss the foreclosure action, Bruce then answered the foreclosure action—again without arguing that an arbitration would be the forum to address any disputes with BANA. Instead, Bruce

consented to adjudicating his dispute with BANA in the foreclosure action before the State Court by asking the State Court to rule in his favor on the foreclosure claim alleged against him and the counterclaims that he alleged against BANA.

### III.    Removed Foreclosure Action No. 2:17-cv-02617

Rather than pursue any claims through arbitration Bruce removed the foreclosure action to this Court and opened civil action no. 2:17-cv-02617. This Court ultimately remanded the foreclosure action to the State Court in response to Bruce's removal attempt. After remand, Bruce filed multiple dispositive motions seeking dismissal of the foreclosure action with the State Court, including for the first time a motion to compel arbitration of the pending foreclosure action.

### IV.    Civil Action No. 2:18-cv-02555

Despite this Court's remand of the foreclosure action to the State Court and his filing of a motion to compel arbitration with the State Court, Bruce saw fit to file another federal action against BANA and the other parties involved in the foreclosure action with this Court under civil action no. 2:18-cv-02555. But because Bruce's pleadings were so vague, incoherent and rambling, this Court dismissed Bruce's complaint and denied Bruce's pro se motion to compel arbitration without issuance of a summons to anyone.

### V.    Civil Action No. 2:19-cv-02854

Undeterred by this Court's rulings and the pending foreclosure action before the State Court, Bruce has filed another lawsuit under case no. 2:19-cv-02854 to seek confirmation of an "arbitration award" of $740,046.33 purportedly issued by the SAA. In the petition,[2] Bruce alleges that he had binding arbitration agreement with BANA and the other named defendants[3] that Bruce

---

[2] Bruce attempted to file and serve an amended petition, but the Court denied Bruce's attempt to amend the petition.
[3] The other named defendants in this federal action are the current investor and servicer responsible for prosecuting the State Court foreclosure action after BANA transferred Bruce's note and mortgage to Wilmington Savings Fund Society, F.S.B.

identified for this action. Critically, the SAA is the same arbitral forum that Bruce cited in his prior unsuccessful motion to compel arbitration in case no. 2:18-cv-02555. Moreover, the purported arbitration agreement appended to Bruce's petition lacks any indication that BANA signed it or accepted its terms in any way.[4]

### VI.     Civil Action No. 2:19-cv-03456

Finally, on December 12, 2019, Bruce filed a complaint against BANA with this Court, under case no. 2:19-cv-03456. Critically, the complaint filed in this action makes no mention of seeking resolution of the dispute with any arbitral forum but instead requests trial by jury before this Court.

## STANDARD FOR DECISION

"Under the Federal Arbitration Act ("FAA") a court may confirm an award if the parties in their agreement have agreed that judgment of the court shall be entered upon the award made pursuant to arbitration." *Meekins v. Lakeview Loan Servicing, LLC*, C/A No. 3:19cv501, 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019) (quoting 9 U.S.C. § 9) (internal quotations omitted). To obtain confirmation of an award, the FAA requires the moving party to file (1) the arbitration agreement, (2) the award, and (3) each notice, affidavit or other paper used to confirm modify or correct the award. *Id.* (citing 9 U.S.C. § 13). Section 9 of the FAA provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this

---

[4] BANA would also note that on multiple occasions, BANA's counsel responded to Bruce's various attempts to have BANA acknowledge the existence of an arbitration agreement between Bruce and BANA. In each response provided to Bruce, BANA clearly disclosed that the there was ***no binding arbitration agreement*** between him and BANA and that, in any event, his action in filing numerous lawsuits against BANA and litigating them in court constituted waiver of the right to arbitrate any claims against BANA.

> title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

Here, Bruce has not provided any evidence to indicate that there was an agreement to arbitrate, and thus, his petition must be denied.

## ARGUMENT

Nothing in Bruce's petition or the procedural history of any of his lawsuits filed against BANA demonstrates the existence of any valid agreement between Bruce and BANA to arbitrate disputes. Accordingly, the petition must be denied.

In South Carolina, "[t]he necessary elements of a contract are an offer, acceptance, and valuable consideration." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003). Further, "in order to have a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement." *Player v. Chandler* 299 S.C. 101, 105, 382 S.E.2d 891, 893 (S.C. 1989). Contracts may be manifested by words via an express contract or manifested by conduct via an implied contract. *Stanley Smith & Sons v. Limestone College*, 283 S.C. 430, 433, 322 S.E. 2d 474, 477 (Ct. App. 1984). Thus, in either an express or an implied contract, "the parties must manifest a mutual intent to be bound." *Id.* at 433, 322 S.E. 2d at 477.

Here, nothing in the purported arbitration agreement that Bruce attaches to his petition reflects any meeting of the minds or mutual intent between him and BANA to arbitrate any disputes

between them. Critically, the purported agreement that Bruce attached to his petition is not signed by BANA. In other words, BANA did not provide mutual assent to arbitrate any disputes with Bruce. Instead, the purported agreement accompanying the petition appears to allege that BANA's failure to agree to arbitrate disputes somehow provided Bruce with the unilateral ability to bind BANA to an arbitration agreement that never existed.

Additionally, Bruce's conduct in the numerous lawsuits he has filed against BANA undermine his current attempt to arbitrate with BANA, as highlighted below:

- In Bruce's first federal lawsuit against BANA under case no. 2:17-cv-01864, Bruce *never* mentioned arbitration in his complaint and *never* filed a motion compelling arbitration;

- In the State Court foreclosure action, civil action no. 2016-CP-18-01678, Bruce actively participated in litigation before the State Court, including filing a motion to dismiss and filing an answer and counterclaims in which he asked for a jury trial.

- Bruce's most recent complaint filed against BANA with this Court, case no. 2:19-cv-03456, does not make any arbitration demand whatsoever.

Accordingly, it is abundantly clear that Bruce cannot demonstrate any binding agreement to arbitrate because his actions in the various cases he is litigating demonstrate that he never had a binding agreement to arbitrate any disputes with BANA.

In the absence of any showing of mutual assent to arbitrate disputes, there is simply no basis to conclude that BANA and Bruce ever agreed to any arbitration agreement justifying confirmation of any award provided by SAA. Accordingly, the petition to confirm arbitration award must be denied. *See, e.g., Meekins,* 2019 WL 7340300, at *2 (denying pro se petition to confirm arbitration award because of petitioner's failure to prove a binding arbitration agreement under Virginia law).

## **CONCLUSION**

Petitioner has no right to arbitrate any disputes with BANA, much less any right to do so unilaterally, or to attempt to enforce an invalid and fraudulent arbitration award that is the product of inadequate notice to or participation by BANA. Accordingly, as a matter of law, the arbitration award is of no force and effect, and the Petition to Confirm Arbitration Award must be denied.

Respectfully submitted on this 7th day of February, 2020.

>  /s/ Brian A. Calub
>  Brian A. Calub (Fed No. 9836)
>  McGuireWoods LLP
>  201 North Tryon Street, Suite 3000
>  Charlotte, NC 28202-2146
>  Tel: (704) 343-2009
>  Fax: (704) 373-8844
>  Email: bcalub@mcguirewoods.com
>
>  *Counsel for Respondent Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, the foregoing *Respondent Bank of America, N.A.'s Response in Opposition to Petition for Order Confirming Arbitration Award* was filed via the court's CM/ECF system and served upon the following parties by first class U.S. Mail with postage prepaid or the Court's CM/ECF system as follows:

Nelson L. Bruce (via First Class U.S. Mail)
144 Pavilion Street
Summerville, SC 29483
*Pro Se Plaintiff*

G. Benjamin Milam (via CM/ECF)
Bradley
214 North Tryon St., Suite 3700
Charlotte, NC 28202
*Counsel for Respondents Wilmington Savings*
*Fund Society, F.S.B; and Carrington Mortgage Services, LLC*

/s/ Brian A. Calub
Brian A. Calub (Fed No. 9836)