**Record/FILE ON DEMAND**

RECEIVED USDC
CLERK, CHARLESTON, SC

Acceptance of Offer with full immunity AND WITHOUT RECOURSE! NLB2020-0227NLBWJDNF3CATR2ATRAB2BOA1B© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce,<br><br>Petitioner,<br><br>vs.<br><br>BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC, Judge Bristow Marchant, Judge Bruce Howe Hendricks, UNKNOWN Doe's 1-1200, et al.<br><br>Respondents. | CASE NO.: **2:19-cv-02854-BHH-BM**<br><br>**COUNTERCLAIM / COUNTERSUIT, MOTION FOR RECONSIDERATION, TRIAL BY JURY DEMAND** |

COMES NOW Plaintiff, **Nelson L. Bruce**, Sui Juris, with his COUNTERCLAIM / COUNTERSUIT, MOTION FOR RECONSIDERATION, TRIAL BY JURY DEMAND against BANK OF AMERICA, N.A. (herein "BANA"), WILMINGTON SAVINGS FUND SOCIETY, FSB (herein "WILMINGTON), CARRINGTON MORTGAGE SERVICES, LLC (herein "CARRINGTON), U.S. Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks states as follows:.

### I.     JUDICIAL NOTICE

All officers of the court for the U.S. District, Charleston Division, South Carolina are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of **Haines v Kerner**, 404 U.S. 519, **Platsky v. C.I.A.** 953 F.2d. 25, and **Anastasoff v. United States**, 223 F.3d 898 (8th Cir. 2000)

relying on **Willy v. Coastal Corp.**, 503 U.S. 131, 135 (1992), "**United States v. International Business Machines Corp.**, 517 U.S. 843, 856 (1996), quoting **Payne v. Tennessee,** 501 U.S. 808, 842 (1991) (Souter, J., concurring). **Trinsey v. Pagliaro**, D.C. Pa. 1964, 229 F. Supp. 647, **American Red Cross v. Community Blood Center of the Ozarks**, 257 F.3d 859 (8th Cir. 07/25/2001).

**In re Haines**: pro se litigants (Party Aggrieved is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: court errs if court dismisses the pro se litigant (Party Aggreived is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See **Anastasoff v. United States** , 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, **Trinsey v. Pagliaro**, D.C. Pa. 1964, 229 F. Supp. 647.

## II.   INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First Amendment to the United States Constitution, Breach of oath of Office and Performance Contract, violations under the law of the Federal Arbitration Act (FAA), and 18 U.S.C. 242 against Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks, in their individual and official capacities and breach of

the Performance Contract against BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC.

Plaintiff Nelson L. Bruce alleges that Defendants Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks willfully made an unlawful decision not to follow the law as written and prescribed under the FAA. Plaintiff alleges that these constitutional violations were committed as a result of the willful neglect of the FAA statute, and that these judges are liable for the torts committed by Defendants.

Plaintiff Nelson L. Bruce alleges that Defendants BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC, have willfully breach the terms of the agreement and attempting to circumvent the process after default, after not rejecting the offer/performance contract in the **10-20 calendar day rejection period**, after consent, approval and agreement to the terms and provisions of the contract as provided by the contract, after being barred by the FAA 3 month statute of limitations from raising any and all affirmative defenses in a suit to confirm and enforce the award thereby invoking the treble damage provision of the performance contract/agreement and are liable for the torts committed by Defendants.

### III.    JURISDICTION AND VENUE

3.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.    Venue lies in the United States District Court for the State of South Carolina, Charleston Division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in South Carolina, 28 U.S.C. § 1391(a) and (b)(2).

5. Divisional venue is in the Charleston Division because the events leading to the claim for relief arose in South Carolina.

6. Subject matter jurisdiction of this Court is achieved pursuant to **28 U.S.C. Section 1332**, based on diversity of citizenship. The Plaintiff is a citizen of a State other than **North Carolina, Delaware, and Indiana.**

7. The amount in controversy to establish diversity jurisdiction is also met as the amount requested exceeds **$1,000,000.00**.

8. This court has jurisdiction over the persons of the Defendants because it has been duly served with process.

## IV.     PARTIES

9. **Plaintiff**, Nelson L. Bruce is a citizen of the State of **South Carolina**.

10. **Defendant, Bank of America, N.A. (A.K.A. Bank of America)**, is a corporation organized under the laws of the State of **North Carolina** with its principal place of business in **Charlotte, North Carolina** which is within the Jurisdiction of this venue because of diversity.

11. **Defendant, Wilmington Savings Fund Society, FSB**, is a corporation organized under the laws of the State of **Delaware** with its principal place of business in **Wilmington, Delaware** which is within the Jurisdiction of this venue because of diversity.

12. **Defendant, Carrington Mortgage Services, LLC**, is a corporation organized under the laws of the State of **Indiana** with a place of business in **Westfield, Indiana** which is within the Jurisdiction of this venue because of diversity.

13. **Defendant, Bristow Marchant,** is a U.S. Magistrate Judge with the United States District Court Charleston Division when the relevant events occurred. He is sued in his individual and official capacities.

14. **Defendant, Bruce Howe Hendricks**, is a District Judge with the United States District Court Charleston Division when the relevant events occurred. He is sued in his individual and official capacities.

## V.    BACKGROUND

15. On or about October 10, 2019, Plaintiff filed a petition for an order confirming an arbitration award that was awarded to him based off the finding of the arbitrator in regards to the performance contract/agreement which was completed on May 18, 2019 and singed by the arbitrator with the Sitcomm Arbitration Association (SAA).

16. On or about June 1, 2019 a copy of the arbitration award was mailed out and delivered to all parties (BANA, WILMINTON, AND CARRINGTON) at the addresses provided on the "Proof of Service" document supported via the U.S.P.S. confirmation delivery printed out from their website filed on the record in this case as Exhibit – C as required under Section 9 USC § 12.

17. On or about June 13, 2019 a copy of the arbitration award was filed on the record in Dorchester County State Court Foreclosure Action No.: 2016-CP-18-01678 and delivered to the attorney of record in that case who represents the defendants Wilmington and Carrington as evidenced by the record and filed in this case as Exhibit – E as required under Section 9 USC § 12. As of the date a copy of the arbitration award was both delivered and filed, BANA, WILMINGTON, AND CARRINGTON only had 3 months to file a motion to vacate the award and raise any objections, challenged and defenses in regards to the award and/or performance contract which expired in September of 2019.

18. On or about February 7, 2020, Defendants BANA, WILMINGTON, AND

CARRINGTON untimely filed oppositions, requests and motions to vacate the arbitration award plus memorandum and exhibits after the 3 month FAA statute of limitations had expired.

19.     On or about **February 12, 2020**, Magistrate Judge Bristow Marchant ignored the record and the FAA statute of limitations and issued out an order informing the Plaintiff he has until March 3, 2020 to file a reply if he desires to do so.

20.     By not granting the Plaintiffs petition to confirm the arbitration award under **9 USC § 9 and 13,** the judges have acted outside of the law, the FAA, have deprived the plaintiff of his secured right (civil or otherwise) to have a judgment entered confirming the arbitration award under Section 9 of the FAA statute, have failed to follow the law as written and prescribed.

## VI.     STATEMENT OF FACTS OF THE CASE

The Plaintiff filed a petition for an order confirming an arbitration award under the FAA as he had a natural right (civil, statutory or otherwise) to an order and judgment confirming the Award and enforcing the award in its entirety.  The Defendants BANA, Wilmington, and Carrington were **barred** from contesting and challenging the award and raising any affirmative defense in a suite to confirm and enforce the award after the 3 month FAA statute of limitation timeframe had expired **(9 USC § 12).** The Defendants in this counterclaim/countersuit who are the judges of record, may have violated their oaths of office, by willfully failing to follow the FAA statute and have therefore violated the FAA, depriving the Plaintiff of his secured right (civil, statutory or otherwise) to have an award confirmed as they are operating under color of law and have also breached the contract as a third party as they were to confirm the award and enter a judgment as prescribed by **9 U.S.C. § 12 and § 13** and have acted in a prejudicial manner against

the Plaintiff and therefore have given up immunity to be sued. The Defendants BANA, Wilmington, and Carrington have further breached the contract by willfully breaching the terms of the agreement by attempting to circumvent the process after default, after not rejecting the offer/performance contract in the **10-20 calendar day rejection period**, after consent and approval and agreement to the terms and provisions of the contract as provided by the performance contract.

## VII.    COUNT I

*42 U.S.C. § 1983 Against Defendants* Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks

21.    Plaintiff re-alleges and incorporates by reference ¶¶ 1–20.

22.    Plaintiff claims damages under 42 U.S.C. § 1983 and the contract for the injuries set forth above against Defendants Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks for violation of his constitutional rights (civil or otherwise) under color of law.

23.    Plaintiff re-alleges and incorporates by reference ¶¶ 1–41.

24.    Defendants were under the duty as prescribed by the FAA sections 9 and 13 to confirm the arbitration award and enter a judgment granting the award and relief requested as there is no evidence of any timely filed applications/motions filed under 9 USC § 10 and 11 by BANA, WILMINGTON, AND CARRINGTON.

25.    Defendants breach their duty by failing to follow the FAA as written and prescribed, by deny the Plaintiff a judgment confirming his award in its entirety.

By breaching their duty, the defendants have injured and damaged the Plaintiff to his rights to have an arbitration award confirmed in the U.S. District Court as the FAA prescribes, have caused the Plaintiff a loss of the enforcement of the award and the amount awarded.

## VIII.    COUNT II

*18 U.S.C. 242 – Deprivation of Rights To Utilize The Federal Arbitration Act, Under Color And Authority Of Law Against Magistrate Judge Bristow Marchant, and U.S. District Judge Bruce Howe Hendricks*

26.   Plaintiff re-alleges and incorporates by reference ¶¶ 1–25.

27.   **Defendants Judge Bristow Marchant** and **Judge Bruce Howe Hendricks** have further injured and damaged the Plaintiff by violating their oaths of office, the law and the FAA by interfered with plaintiffs free exercise of a secured right (civil, statutory or otherwise) to have an arbitration award confirmed utilizing the federal arbitration act and depriving him of this right under color of law and authority of law as they are required to follow the FAA act as written and prescribed and have failed to do so when the record shows sufficient evidence that the parties are barred by the FAA statute of limitations from raising any and all affirmative defenses in a suite to confirm the award after the statute of limitation have expired. They are in violation of their oaths of office and breach of the agreement and have acted in a prejudicial manner against the Plaintiff denying him his secured rights and equal protection of law.

28.   **Defendants Judge Bristow Marchant** and **Judge Bruce Howe Hendricks** are being sued in their individual capacities with waiver of immunity and are being held civilly liable for violating their oaths of office, the **Federal Rules of Civil Procedure Rule 81 (a)(6)(B), the Federal Arbitration Act Section 1-16** for acting contrary to their delegated authority to law therefore they have waived immunity. Government willfully abandons its sovereign capacity and are to be treated as mere "mortals," see…Clearfield Doctrine.

## IX.    COUNT III

*Breach of contract against ALL DEFENDANTS*

29. Plaintiff re-alleges and incorporates by reference ¶¶ 1–28.

30. All defendants are in breach of the Performance contract and its provisions and are now liable to the Plaintiff in treble money damages, as the treble damage provision is being invoked as the contract if valid and enforceable evidenced by the arbitration award.

## X. RESERVATION OF RIGHTS TO AMEND

Plaintiff reserves the right to remove parties from this suite provided that the parties (the judges of record) act within the law as it applies to the FAA statute as written and prescribed, do not violate the Plaintiffs secured rights, do not violate their oaths of office, do not act in a prejudicial discriminative manner by ignoring the FAA's 3 month statute of limitations and applying equal protection of law, are not in breach of the contract and interfering with the contract, the award, and the decision of the arbitrator. Plaintiff reserves the right to amend this countersuit and join other necessary parties and add relevant information that may be obtained during time.

## XI. PRAYER FOR AFFIRMATIVE RELIEF REQUESTED:

WHEREFORE, Plaintiff respectfully requests this Court:

31. Enter judgment in favor of Plaintiff and against Defendants; and
32. Enter an order declaring Defendant Judges conduct unconstitutional; and
33. Enter an judgment/order vacating any judgments and or orders entered against the petitioner's petition for an order confirming an arbitration award which resulted in a denial and or dismissal; and
34. Enter an judgment/order granting the relief requested in the petition for an order confirming an arbitration award in its entirety, reserving jurisdiction to enter such other and further orders as this Court deems necessary and proper to enforce the performance contract and the award; and
35. Enter an judgment/order denying and striking the respondents/defendants oppositions, requests and motions to vacate, plus supporting memorandums and exhibits as being untimely filed and barred by the FAA 3 month statute of limitations; and
36. Enter an Judgment awarding Plaintiff Damages against each Defendant identified in this matter separately in the amount of **$740,040.33** each for a total of **$3,700,201.60** for further breach, plus, penalties, fines, assessment, fees (section 10283 of the contract) which is separate from the amount awarded in the award; and

37. Enter an judgment/order documenting that the plaintiff is an adult citizen and native of the City of Summerville, South Carolina and is of "the age of majority" and "the age of the majority"; and

38. Enter a Judgment reserving jurisdiction to enter such other and further orders as this Court deems necessary and proper to enforce the performance contract and the award; and

39. Grant to Plaintiff such other and further relief as may be just and proper to enforce the performance contract and the award, and under the circumstances, including but not limited to appropriate injunctive relief.

## XII.   I DO HEREBY DEMAND A JURY TRIAL

I do hereby file this my counterclaim/countersuit and demand a jury trial, or trial by jury as it is more properly known pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages. DATED this 27th day of February, 2020.

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

*Nelson L. Bruce   2-27-2020*

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901