UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NELSON L. BRUCE,              ) | |
|                                                  ) | |
|            Petitioner,            ) | C/A 2:19-2854-BHH-BM |
|                                                  ) | |
| vs.                                           ) | |
|                                                  ) | |
| BANK OF AMERICA, N.A., WILMINGTON  ) | |
| SAVINGS FUND SOCIETY, F.S.B., AND          ) | |
| CARRINGTON MORTGAGE                      ) | |
| SERVICES, L.L.C.,                                       ) | |
|                                                  ) | |
|            Respondents.       ) | |
|                                                  ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER NELSON L. BRUCE'S MOTION TO AMEND/CORRECT PETITION TO CONFIRM ARBITRATION AWARD**

Respondents Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust C ("Wilmington") and Carrington Mortgage Services, LLC ("Carrington") submit this Memorandum of Law in Opposition to Petitioner Nelson L. Bruce's ("Petitioner") motion to amend/correct the Petition to Confirm Arbitration Award (ECF #34), styled as a "Counterclaim/Countersuit, Motion for Reconsideration, Trial by Jury Demand" ("Motion") and states as follows.

**ARGUMENT**

**I.      To the extent Petitioner is seeking to amend or supplement his Petition, leave of Court to amend should be denied.**

Petitioner's filing is styled as a "Counterclaim/Countersuit, Motion for Reconsideration, Trial by Jury Demand." While it not entirely clear what Petitioner seeks to achieve by this filing, he requests relief not prayed for in the original Petition. At the same time, Petitioner does not designate his filing as an "Amended Petition" or assert leave to amend as a matter of right under Rule 15. As such, Petitioner's filing is most appropriately deemed a motion for leave to amend

1

the Petition to include supplemental relief. This motion should be denied, however, because the requested amendment would be futile.

"If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). Petitioner seeks to add a claim against Wilmington and Carrington for breach of a "Performance contract." Petitioner does not specify the nature of the "Performance contract" and alleges no facts showing that Wilmington or Carrington have entered into such a contract. Based on other filings in this case, it appears that Petitioner may be arguing that he made a unilateral offer for a contract, to be accepted by the offeree's performance. *See S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012)( "A unilateral contract occurs when there is only one promisor and the other party accepts, not by mutual promise, but by actual performance."). Plainly, if Petitioner is arguing that the purported contract was not performed, then there was no acceptance. Petitioner's allegations fail to state a claim for breach of contract, and leave to amend must therefore be denied.

**II.    The purported arbitration award is not incontestable and cannot be confirmed where there was no agreement to arbitrate.**

Petitioner argues in his filing that the purported arbitration award is incontestable because, he claims, more than 3 months has elapsed since delivery of the arbitration award. Even if Petitioner could show that the purported award was delivered to Wilmington and Carrington prior to service of process in this action (which he cannot), the three-month limitations period described in 9 U.S.C. § 12 applies only to motions to vacate an award, and does not relieve Petitioner of his burden to show a basis for confirming the award. As more particularly set forth in Wilmington and Carrington's Memorandum of Law in Opposition to Petition to Confirm Arbitration Award (ECF # 25-2), prior to confirming an award the District Court must make a threshold determination as to whether the parties "agreed to arbitration as a binding process," because under the statute, "a

court has jurisdiction to confirm an arbitration award only if the parties have agreed that the award is final." *Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 192 (1991). In the absence of an agreement to arbitrate, the Court therefore lacks jurisdiction to confirm an award and must deny the Petition.

Even as to the motion to vacate, Petitioner has not met his burden to show that the three-month statute of limitations in 12 U.S.C. § 12 bars the motion. A statute of limitations is an affirmative defense, and burden is Petitioner as the party asserting the defense to plead and prove that the statute of limitations applies. *See* Fed.R.Civ.P. 8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) ("Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant.").

Petitioner has not demonstrated that either Wilmington or Carrington were served with the purported arbitration award prior to service of process in this action. As noted in Wilmington's and Carrington's previous Memorandum of Law in Opposition to the Petition, the "All-Purpose Proof of Service" attached to the Petition contains no signature, is not notarized, and does not attach a copy of the "Final Arbitration Award" supposedly mailed to the parties, and therefore does not establish that a copy of the award was delivered prior to this action. Petitioner has also asserted that the purported arbitration award was filed in the foreclosure action pending in the Dorchester County Court of Common Pleas, but the sole filing that has been submitted by Petitioner to support this assertion includes only a single page with the caption for the award and is marked "SEALED." (See ECF 32-1). There is no evidence that Wilmington and Carrington ever received a copy of the actual award prior to being served with process in this action; to the extent Petitioner contends otherwise, it is incumbent upon him to make a prima facie showing of the facts supporting delivery

3

so as to enable Wilmington and Carrington to make an informed response. Because he has not done so, the motion to vacate the award is timely.

## CONCLUSION

For the reasons set forth above and in the Memorandum of Law in Opposition to the Petition to Confirm Arbitration Award and supporting materials (ECF #25), Respondents Wilmington and Carrington respectfully request that the Court deny Petitioner's motion to amend, deny the Petition to Confirm Arbitration Award, and grant the motion to vacate the purported award.

Submitted March 13, 2020.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ G. Benjamin Milam
G. Benjamin Milam (S.C. Fed. Bar No. 12010)
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6049
Facsimile: (704) 332-8858
Email: bmilam@bradley.com

*Attorneys for Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust C and Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the parties listed below by deposition a copy thereof in the United States Mail, Postage pre-paid and addressed as follows:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC  29483

*Petitioner pro se*

This 13th day of March, 2020.

/s/ G. Benjamin Milam
G. Benjamin Milam