IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:19-2854-BHH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Bank of America, N.A., Wilmington ) | |
| Savings Fund Society, F.S.B. and ) | |
| and Carrington Mortgage Services, L.L.C., ) | |
| ) | |
| Respondents. ) | |
| ) | |

This action has been filed by the Petitioner, pro se, wherein Petitioner is attempting to enforce an alleged unilateral contract and arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § § 9 and 11.

On January 2, 2020 the Court entered an Order authorizing service of process, and directing the Respondents to file an answer to the Petition or otherwise plead. That Order also denied Petitioner's request for a change of judge assignments in this case. On February 7, 2020 the Respondents filed memoranda, respectively, in opposition to the petition to confirm arbitration award, following which the Court entered an Order granting Petitioner until March 3, 2020 to file a Reply, if he desired to do so. Petitioner thereafter filed replies on February 28, 2020, along with a motion to amend his Petition (captioned: "Counterclaim/countersuit, motion for reconsideration, trial by jury demand") to include claims against the undersigned United States Magistrate Judge as well as the United States District Judge assigned to this case. See Court Docket No. 34. Respondents oppose



Petitioner's motion.

Petitioner's motion to amend his Petition and/or to reconsider this Court's previous rulings is **denied**. It is readily apparent from a plain review of the motion that Petitioner seeks to add the judges assigned to his case as party Respondents, and claims against them, because he is dissatisfied with the Court's rulings in this case. That is not a proper ground to add these judges as party Respondents. See Liteky v. United States, 510 U.S. 540, 555 (1994) ["Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"]. Moreover, the undersigned, as well as the United States District Judge assigned to this case, enjoy absolute judicial immunity from suit for all actions taken in our judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges].

Therefore, Petitioner's motion to add the undersigned as well as the District Judge as Respondents in this case, and to assert claims against them, is **denied**. To the extent Petitioner's motion can be read as also attempting to add a new breach of contract claim against the existing Respondents (along with the cited Judges), that motion is also **denied**. Cf. Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.E. 1997) [Setting forth the necessary elements of a contract claim]; see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].



**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

March 24, 2020
Charleston, South Carolina

