IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce,<br><br>          Petitioner,<br><br> v.<br><br>Bank of America, N.A., Wilmington Savings Fund Society,<br>F.S.B., and Carrington Mortgage Services, L.L.C.,<br><br>          Respondents. | ) C/A No. 2:19-02854-BHH-KDW<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

   This case, filed by the Petitioner pro se, was filed as a Petition to Confirm Arbitration Award and entry of judgment against Respondents. *See* ECF No. 1. Respondent Bank of America ("Respondent BOA") filed a Response in Opposition to the Petition on February 7, 2020. ECF No. 23. Respondents Wilmington Savings Fund Society, F.S.B., and Carrington Mortgage Services, L.L.C., ("Mortgage Respondents") filed a separate Opposition to the Petition also on February 7, 2020. ECF No. 25. Petitioner filed responses to Respondents' Oppositions on February 28, 2020. ECF No. 32, 33. This matter was reassigned to the undersigned on July 8, 2020, for final disposition and recommendations. ECF No. 52. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B) (2)(e), the undersigned is authorized to review all pretrial matters in this pro se case and to submit findings and recommendations to the district judge. The undersigned recommends the Petition, ECF No. 1, be dismissed for Petitioner's failure to bring forth an enforceable arbitration agreement.

**I.  Background**

   In the Petition for Order Confirming Arbitration Award, ECF No. 1 at 1, Petitioner seeks "entry of a judgment confirming a final arbitration award in its entirety pursuant to 9 U.S.C. §§ 9 and § 13, and enforcement of the award that was issued to the Petitioner (the claimant on the

award) from the Arbitration of the Sitcomm Arbitration Association ("SAA" also known as SAA LIMITED) by the Arbitrator of record." Petitioner maintains that the SAA tribunal determined that each of the Respondents was in breach of contract and liable to Petitioner. *See id.* According to Petitioner, he was awarded $246,681.11 in monetary damages from each Respondent, for a total of $740,043.33 in damages plus interest. *Id.*

Concerning the arbitration, Petitioner represented that the parties submitted the controversies between them to arbitration administered by SAA, and an arbitration hearing was held on May 13, 2019. *Id.* at 3 (referencing SAA homepage at www.saalimited.com).[1] Further, Petitioner alleges that the arbitrator issued the arbitration award on May 18, 2019. *See id.* (referencing the Final award in Exhibit B to the Petition). Petitioner maintains that on June 1, 2019 he received the "original authenticated Arbitration 'Award'" mailed to him from SAA, and the adverse parties received a copy as well after SAA mailed them a copy on or about June 1, 2019, through June 3, 2019. *Id.* (refencing Exhibit C for Proof of Delivery via U.S.P.S. Priority Mail). Petitioner represents that there have been no motions from any of the Respondents to vacate or otherwise challenge this award in a court of law. *Id.*

---

[1] SAA's "About Us" Page on its website provides:
> We are small group of individuals who have come together with our unique skills and history to help those who seek to resolve their contractual disputes and other matters in a peaceful setting.
> Our goal in our aim is to help individuals reduce the burden on government, their courts, and their other administrative agencies. One way we do this is by helping the consumer with a preformatted generalize (sic) contract that includes all of the elements necessary for enforcement.
> As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship.

*See* The SAA Home Page, https://saalimited.com/More%20about%20us.html (last visited August 17, 2020).

Respondent BOA, in response to the Petition, maintains that an order confirming an arbitration award is wholly improper because there was never a valid arbitration agreement between the parties. ECF No. 23 at 1. This Respondent contends that Petitioner's attempt to collect an arbitration award is fraudulent, and his tactics are part of an arbitration scam. *Id.* Respondent BOA identifies several cases in different districts where courts have dealt with similar issues. *Id.* Because Petitioner is attempting to collect an invalid award that is not legally binding, Respondent BOA maintains that this court should deny Petitioner's request and either vacate or strike the award. *Id.* at 2.

In their Response to the Petition for Enforcement, Mortgage Respondents represent that Petitioner is a borrower under a 2009 mortgage loan that is the subject of foreclosure proceedings in the Dorchester County, South Carolina Court of Common Pleas. ECF No. 25-1 at 1. They maintain that Petitioner defended the foreclosure action and filed several lawsuits in the United States District Court against entities connected to his loan. *Id.* Mortgage Respondents point out that though Petitioner attaches what he identifies as an agreement to arbitrate as an exhibit to his Petition, the attachment does not contain signatures of any of the parties. *Id.* at 2. Further, they represent that they have not agreed to arbitrate any disputes with Petitioner. *Id.* Based on the absence of a valid agreement to arbitrate, it is these Respondents' position that this court should refuse to confirm the arbitration award and dismiss the Petition with prejudice. *Id.*

## II.     Standard of Review for Arbitration Enforcement

"The process and extent of federal judicial review of an arbitration award are substantially circumscribed." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). As a general proposition, a federal court may vacate an arbitration award only upon a showing of one of the grounds specified in the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 10(a), or upon a

3

showing of certain limited common law grounds. *Id.* Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002)

### III.   Argument-Whether there was a valid and enforceable arbitration agreement

Both parties argue that the FAA requires that prior to an arbitration, the parties have a valid agreement to arbitrate. *See* ECF Nos. 23 at 56, 25-1 at 4.  According to Mortgage Respondents, this court only has jurisdiction to confirm an arbitration award if the parties have agreed to arbitration as a binding process.  ECF No. 25-1 at 4.  Likewise, Respondent BOA argues Petitioner has failed to offer any evidence of a valid agreement between himself and BOA to arbitrate disputes.  ECF No. 23 at 5.  Further, Respondent BOA argues "nothing in the purported arbitration agreement that [Petitioner] attaches to his petition reflects any meeting of the minds or mutual intent between him and [BOA] to arbitration any disputes between them." *Id.* at 5-6.

In his Response to Mortgage Respondents submission, Petitioner maintains that these arguments are barred by statute in their entirety.  ECF No. 32 at 2.  He argues Mortgage Respondents consented to the arbitration because they:

> failed to reject the offer in the 10-20 calendar day rejection period implying in fact by their conduct, their acceptance, agreement an[d] consent to its terms, provisions and consent to arbitration and the respondents had 3 months from the date a copy of the award was delivered to them through the mail and after it was filed in State Court Foreclosure Action. . .to bring forth their challenges and objections to the arbitration award but failed to do so as well.

*Id.* Moreover, Petitioner argues "the law only allows [these Respondents] 3 months to bring forth such claims supported by evidence in a timely filed motion to vacate which they did not therefore they are barred by statute from filing a request to vacate the award. . . ." *Id.* at 3. Petitioner acknowledges Respondent's argument that the purported arbitration agreement does not contain

4

the signatures of any party other than Petitioner and that there was no arbitration agreement. *See id.* at 5. However, Petitioner argues the parties, by virtue of their relationship, had a duty to respond to each other, and the contract requires that they respond to the other side within 10-20 calendar days. *Id.* Petitioner represents that the referenced contract has an arbitration clause. *Id.* at 5-6. In his Response to Respondent BOA's Opposition to his Petition, Petitioner attempts to point out the existence of an agreement to arbitrate and reiterates several statements from his other Response. ECF No. 33.

Under the FAA, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration. . . ." 9 U.S.C. § 9. To obtain confirmation of an award, the statute requires the moving party to file: (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13. This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment. *See United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 12, 2012) ("Without the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the Petitioner is entitled to judgment as a matter of law."). Indeed, the FAA requires an agreement to arbitrate before the Court will compel arbitration. *See* 9 U.S.C. § 2 (arbitration agreements enforceable "save upon such grounds exist at law or equity for the revocation of any contract"). Whether a party agreed to arbitrate "is an issue for judicial determination to be decided as a matter of contract." *Johnson v. Circuit City Stores, Inc.*, 148 F.3d 373, 377 (4th Cir. 1998).

In his Petition, Petitioner filed a number of Exhibits in support of his contention that the court should confirm the purported arbitration award. *See* ECF No. 1-1. Exhibit A is the alleged

contract between the parties labelled as "Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer."[2] *Id.* at 2. Several "parties" or "respondents/offeree[s]" are indicated,[3] and Petitioner is listed as the "claimants/offeror." *Id.* Petitioner then indicates that he "received your offer and accept your offer under the following terms and conditions. . . ." *Id.* Paragraph 10291 of Exhibit A appears to indicate that future remedial proceedings would include binding arbitration and confirmation of an award in U.S. District Court. *Id.* at 10. Additionally, a section of said "agreement" is entitled "Notice of Common-Law Arbitration." *Id.* at 11. Petitioner signed Exhibit A on January 8, 2019. *Id.* at 13. There are no other signatures under Petitioner's signature, and "THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK," is final clause of the purported agreement. *Id.* The submission from Petitioner does not amount to an enforceable agreement between the parties.

Petitioner's representations regarding a mutually binding contract between the parties fail under basic hornbook contract law. To show an enforceable contract in South Carolina it is well settled that "there must be a mutual manifestation of assent to the term." *Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434, 436 (S.C. 1978) (internal citation omitted). Additionally, "the assent must be as to all of the terms of the contract." *Id.* "The requirement of certainty in contracts ensures that the

---

[2] SAA's website provides the "Contract Templates" that are available to its customers to make the purported "counter offer" or conditional acceptance" that the arbitration decision then purports to enforce. *See* https://saalimited.com/PDFS/CONTRACTS/ (Last visited August 17, 2020). "The templates include an arbitration provision, the term 'tacit acquiescence,' and a significant amount of other legal-sounding gibberish which is repeated in the arbitration 'award.'" *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *3 (N.D. Okla. Sept. 10, 2019).

[3] In addition to the Respondents named in this matter, the Exhibit lists the District Court, the United States of America, the South Carolina Supreme Court, the South Carolina Attorney General's Office, the Dorchester County Courthouse, the Federal Reserve, the United States Supreme Court, the United States Department of Agriculture, the South Carolina Housing Trust Fund, and the Department of the Treasury. ECF No. 1-1 at 2.

parties intend to conclude a binding agreement and provides the court a reasonably certain basis for granting a remedy." *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 503 S.E.2d 184, 187 (S.C Ct. App. 1998).

Here, nothing in the pleadings, attachments thereto, nor submissions to the court demonstrate a scintilla of mutual assent between the parties. Signatures of any respondent are absent on Exhibit A to the Petition. Moreover, Petitioner appears to admit that Respondents did not sign any version of a contract. *See* ECF Nos. 32, 33. Rather, he argues that Respondents' silence to his purported offer indicates their acquiescence to his terms. *See id.* Further, Petitioner does not offer evidence or allege any other affirmative action from Respondents—no words or other communications—that could somehow constitute acceptance of Petitioner's demand. Therefore, the essential first element of enforcement under 9 U.S.C. § 13—the existence of a binding contract to arbitrate—is missing. Accordingly, the undersigned recommends that the District Court deny Petitioner's Petition to Confirm an Arbitration Award.

## IV.   Conclusion and Recommendation

Based on the foregoing, it is recommended that Petitioner's Petition for an order to confirm an arbitration award, ECF No. 1, be denied and any purported award be vacated.

**IT IS SO RECOMMENDED.**

August 18, 2020                                                                  Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**