**Record/FILE ON DEMAND**

Acceptance of Offer with full immunity AND WITHOUT RECOURSE! NLB2020-0925NLBWILM3CATR2-ATRAB2BOA1218 is secured and reserved with all rights retained. Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

USDC CLERK, RECEIVED FLORENCE, SC
2020 SEP 28  AM 10: 47

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, | CASE NO.: 2:19-cv-02854-BHH-KDW |
| Petitioner, | |
| vs. | PETITIONER'S REPLY/OBJECTIONS TO WILMINGTON SAVINGS FUND SOCIETY, FSB AND CARRINGTON MORTGAGE SERVICES, LLC REPLY TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE REPORT AND RECOMMENDATION |
| BANK OF AMERICA, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, CARRINGTON MORTGAGE SERVICES, LLC, et al. | |
| Respondents. | |

Comes now Petitioner, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby reply and objects to Respondent Wilmington Savings Fund Society, FSB ("Wilmington") and Carrington Mortgage Services, LLC ("Carrington") Reply to Petitioner's objections to Magistrate Judge's Report and Recommendation. Petitioner objects in its entirety to respondent Wilmington and Carrington's averment that Magistrate judge Kaymani D. West opinions in their report and recommendation correctly analyzed the issues in this case which determined that the Petition to Confirm Arbitration Award should be denied and any award vacated for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety, because the respondents are time barred from raising these arguments and challenges after the 3 month statute of limitations has expired and for the reasons specified in this reply/objections.

Page 1 | 14

## PETITONER'S OBJECTIONS TO RESPONDENT'S ARGUMENT

**I.  Petitioner's objections to Respondent's Wilmington and Carrington allegations that the Federal Arbitration Act does not permit confirmation of a purported arbitration award if there is no mutual assent to arbitration.**

Petitioner objects to the arguments by the respondent Wilmington and Carrington allegations that the arguments regarding "Courts must enforce an arbitration provision even if the overall contract containing that provision is invalid, that these arguments misconstrue the Federal Arbitration Act (FAA) and case law" for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety. The arguments cannot misconstrue the FAA and case law because the case law pertaining to these arguments are directly from case law that pertain to the FAA.

Petitioner objects to the arguments by the respondent's Wilmington and Carrington that the District Court can and must make a threshold determination of whether the parties have "agreed to binding arbitration as a binding process," "that this is so because under the FAA, a court has jurisdiction to confirm an arbitration award only if the parties have agreed that the award is final," "that determination of whether the parties have agreed to arbitrate a dispute is a matter to be decided by the court under ordinary state-law principles for the formation of contracts" because the terms and provisions of the contract delegates this determination to an arbitrator to decide, not the courts and the arbitrator has already decided the agreement is binding and a binding process and for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety. The respondents by their motions have only attacked the validity of the contract to which the report and recommendation also references which is a dispute, an threshold arbitrability question

Page 2 | 14

delegated to an arbitrator to decide, not the courts and has already been decided by the arbitrator evidenced by the award. For the court to make such a determination would be overriding the parties private contract which the U.S. Supreme Court in *Henry Schein, Inc. v. Archer & White Sales, Inc. (January 8, 2019)* has already unanimously decided that the courts have no authority and/or jurisdiction to do when that authority has been delegated to an arbitrator by the parties agreement/contract. The respondent's case law *(Rainwater v. Nat'l Home Ins. Co., 944 F. 2d 190, 192, (1991))* fails because it misconstrues and conflicts with the FAA as written because the FAA (9 U.S.C. § 9) as written clearly states, "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." The respondent's arguments are meritless and time barred. Respondent's arguments pertain to a matter that is asking the court to compel arbitration, that is not the case here, in this case, arbitration has already been completed where an award has been issued. The agreement delegates threshold disputes in regards to the formation of the agreement/contract to an arbitrator therefore it is an arbitribility question to be decided by the arbitrator, not the court which the U.S. Supreme Court in *Henry Schein, Inc. v. Archer & White Sales, Inc. (January 8, 2019)* has unanimously decided. The court is limited to review only section 9-16 of the FAA when confirming the award after the 3 month statute of limitations has expired. The court cannot overrule an arbitrator's decision especially after the 3 month statute of limitations has expired therefore the respondent's arguments are meritless and time barred by the statute of limitations prescribed under 9 U.S.C § 12. Even if the court had the authority to override the agreement to determine whether the parties have agreed to arbitrate a dispute, ordinary state-law principles are applicable here as the necessary elements of a contract exist as there

is an offer, acceptance, and valuable consideration." *S. Glass & Plastics Co. v. Kemper, 399 S.C. 483, 732 S.E.2d 205, 209 (App. 2012)*.

Petitioner objects to the arguments by the respondent's Wilmington and Carrington in regards to the severability doctrine, the parties assent to the overall contract containing the arbitration provision, that the court must decide the whether a valid agreement to arbitrate exists is an issue for the district court for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety and because Respondent's arguments pertain to a matter that is asking the court to compel arbitration which is not the case here, arbitration has already occurred where an award has been issued.

As presented by the Respondent's, the U.S. Supreme Court has stated in *Henry Schein, Inc. v. Archer & White Sales, Inc. (January 8, 2019)*, "Under our cases, courts "should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." This statements addresses the statement that, "This Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by "clear and unmistakable" evidence which is the case here evidenced by the record, the arbitration clause as the parties knew of the existence of the agreement, it's terms and provisions and failed to reject the offer within the timeframe allowed, the 10-20 calendar day timeframe and the additional 3 days (72 hours) opportunity to cure to contest acceptance of the contract, its terms and provisions as evidenced by Exhibits – F which all respondents have failed to do expressing and implying their consent/assent to the agreement, its terms and provisions, and arbitration as respondent's cannot produce any documents, responses or otherwise that proves or evidences they contested acceptance and that they did not accept the offer of petitioner within the timeframe allowed, the 10-20 calendar days and the additional 3 days (72 hours) and therefore they have mutually assented to the agreement,

its terms and provision as they knew of the agreement/contracts existence, its terms and provisions. In *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd. Id 651,* the motion to compel was denied because it was stated that, "the District never agreed to the Brokerage Service Agreements or the Arbitration Clauses upon which the Insurance Defendants rely in asking the court to compel arbitration simply because any appearance of agreement to the Brokerage Service Agreements is based on Thomas's actions, and Thomas was clearly acting outside of the scope of his employment. Therefore, it was determined that he did not bind the District to the Brokerage Service Agreements or the Arbitration Clauses. In this case, all respondents were aware of the offer, the agreement/contract, its terms and provisions and acted within the scope of the agreement as their conduct of remaining silent, not responding and or providing a general response as they hold a duty to respond to petitioner, is an act as evidenced by the agreement/contract (See…sections 10281, 10282, 10284, 10290, 10291, 10292) which they admit to receiving the agreement and produced no evidence of responding that constituted a challenge to the acceptance or non-acceptance of the to the performance agreement/contract within the timeframe allowed therefore they accepted it and it does bind them to the agreement and the Arbitration Clause. The 4th circuit and the U.S. Supreme Court has consistently quoted *Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68–69 (2010)* **(internal quotation marks omitted)** which decided that, parties to an arbitration agreement can "agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Thus, when an agreement "clearly and unmistakably" delegates the threshold issue of arbitrability to the arbitrator, a court must enforce that delegation clause and send that question to arbitration. *Id. at 67* (internal citation omitted). The arguments raised by the respondents Wilmington and Carrington address a proceeding in regards to a motion to compel arbitration. Arbitration has already been completed. This court is now limited to addressing the application/motion to compel and all the arguments presented here by the respondent in their 9/17/2020 (Doc. 63) and received by petitioner on

9/21/2020 are meritless and time barred by the 3 month statute of limitations.

## II.   Petitioner's objections to Respondent's allegations that Petitioner has failed to demonstrate the existence of an agreement to arbitrate.

Petitioner Objections to respondents argument in its entirety that Wilmington and Carrington are respectively the mortgage and loan servicer and that none of the documents containing an agreement to arbitrate disputes concerning the loan to the extent that the respondents Wilmington and Carrington are referring to and trying to utilize the alleged original mortgage alleged loan documents and the defective affidavit of Elizabeth Ostermann to prove that respondents did not enter into any agreement with the petitioner to arbitrate disputes for the reasons specified in petitioners reply to Wilmington and Carrington Motion (Doc. 32, see...Pages 8-9) which is hereby reiterated and incorporated by reference in its entirety. Also because as the referenced affidavit of Elizabeth does not specifically verify what type of business records she received and reviews now who the business records where provided and created from. There are several defects in Elizabeth's affidavit which makes her affidavit defective and non-authentic nor verified which can be supported by her affidavit especially without firsthand knowledge of the true and correct facts, she was not present for any of the alleged allegations that she represents she has knowledge of, sworn under oath to. She has specified the business records reviewed nor has she stated that she physically inspected and viewed the documents presented under affidavit.

Petitioner objects to the allegations that the 12 pages of the agreement/contract contains 12 pages of nonsensical jargon apparently derived from the Sovereign Citizens movement, including "redemptionist" and "vapor money" theories because if the Respondent's did not understand the agreement/contract, they should have responded that way so that petitioner could clarify the specific section that they could not understand, because they did not claim that they did not understand, they

Page 6 | 14

understood the offer, the agreement/contract and its terms and provisions fully and therefore cannot argue them now to avoid confirmation of the award. Petitioner is unaware of and is not part of any alleged Sovereign Citizens movement, including "redemptionist" and "vapor money" theories and therefore objects to the respondents attempt to categorized petitioner in some sort of category with others in deformation of his character in order to avoid confirmation of the award. Neither of these arguments are exceptions for vacatur of the award and therefore are meritless.

Petitioner objects to respondents Wilmington and Carrington argument in regards to mutual assent and unilateral contracts for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety. The Respondents in this action agreed to mediate (arbitrate) by failing to properly notify (respond) of their lack of acceptance ... that the language in the performance contract indicated a change in the terms was an offer... which was accepted by the opposing parties performance/conduct/tacit acquiescence, see..." *Tick-Anen v. Harris & Harris, Ltd., 461 F.Supp.2d 863, 867,868 (E.D. Wis. 2006)* therefore the unilateral performance agreement/contract is valid and enforceable as the FAA prescribes as it involves commerce in fact (9 U.S.C. § 2) and there is mutual assent. All respondents in this case have had sufficient "reasonable notice" of the arbitration terms and provision contained within the performance agreement/contract and have failed to reject it which would have imply non-acceptance, thereby there is now implied acceptance to the agreement, its terms and provisions, mutual assent, and therefore the arbitration agreement is valid and enforceable. *See...Hidalgo v. Amateur Athletic Union of the United States, Inc., No. 1:19-cv-10545 (S.D.N.Y. June 16, 2020).*

Petitioner objects to the Respondent Wilmington and Carrington's argument that silence ordinarily does not constitute acceptance and that petitioner has not offered no evidence of any conduct demonstrating Respondents' agreement to arbitrate for the reasons specified in Petitioners

Page 7 | 14

reply to Wilmington and Carrington Motion (Doc. No's: 32, see…Pages 15-16 and Doc. No.: 60) which is hereby reiterated and incorporated by reference in its entirety.

Petitioner objects to the Respondent Wilmington and Carrington's argument regarding opinions of other courts, their recent findings and that the petitioner has not shown that Respondents ever agreed to arbitrate disputes, that the petition necessarily fails for the reasons specified in Petitioners entire responses and objections, Doc. No.'s: 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety. Petitioner also objects because congress has already came together and found that agreements/contracts such as the one presented as Exhibit – A on the record by the petitioner are valid and enforceable evidenced by the private law that they passed into law on or about **December 3, 2016** which was a private law passed "For the Relief of Bradley Christopher Stark, Shawn Michael Rideout, and Certain Named Beneficiaries against the United States by and through the Attorney General by their conduct, the same as the respondents in this case which was binding and formed from a similar arbitration agreement/contract similar to the Petitioners. **(See…Exhibit – G Section 2: FINDINGS OF CONGRESS, P. Bill. S -112 and private law 114-31 (December 3, 2016))** Whereby in both instances Congress came to the congressional finding and determination that (1) That the United States by and through the Attorney General entered into an Agreement with the Parties; (2) The Agreement is a valid and binding settlement agreement between the Parties and the United States that operates in the nature of a release-dismissal agreement. (3) The Agreement contained an alternative dispute resolution clause that provided for arbitration as the exclusive remedy for relief to the Parties and the United States. (4) The United States consented to the arbitration and the awards made thereunder for the equitable relief of the Parties and the United States are binding. (5) Congress hereby expressly waives any defenses to the equitable relief awarded to the Parties, Beneficiaries, and Corporate Beneficiaries by the arbitrator. (6) The parties, beneficiaries and their

immediate family members, and the corporate beneficiaries are entitled to the relief established by the Agreement, the Awards, and the provisions of this Act notwithstanding any other law to the contrary. *Provided that,* Joey Brandon Kemp shall not be entitled to any relief or benefits established by the Agreement, the Awards, and this Act. And this was after Congress had presented the contract to its judiciary committee to determine whether or not the contract was a binding obligation upon the United States of America-NOVEMBER 5, 2016, MR. PAUL introduced the above referenced bill; which was read twice **-and Referred to the Committee on the Judiciary**. If validity of this law needs to be further confirmed and verified, Petitioner reserves the right to petition the court to discovery and to subpoena members of congress who was present for the reading of this bill and the passing of this private law and any other parties relevant in connection with this private law passed by congress in regards to agreements such as the petitioners being valid and enforceable to satisfy any and all further objections to this private law.

**III.    Petitioner's objections to Respondents' Motion to Vacate being Timely and Proper**

Petitioner objects to the Respondent Wilmington and Carrington's argument in its entirety that the award is void and cannot be confirmed due to lack of a mutual agreement to arbitrate regardless of whether the Court takes the additional step of vacating the award for the reasons stated in Respondent's, Wilmington and Carrington Reply to Petitioners' objections to Magistrate Judge R&R for the reasons specified in petitioners entire responses and objections, Doc. No.'s: 32, 33, 58, 60, 64 (which should be filed as the deficiency correction to Doc. 60) which is hereby reiterated and incorporated by reference in its entirety, and for the reasons presented throughout this reply and objections to respondents. Petitioner has presented sufficient evidence on the record that documents that all respondents were delivered a copy of the award either directly to them, their attorneys, Agents and that a copy of the award had been filed on the record to further document the existence of the

award to the respondents, petitioner has satisfied all requirement prescribed by the FAA to notify the respondents of the awards existence and give the opportunity to challenge the award in a timely manner by filing an application/motion to vacate the award and all respondents failed to do so, therefore petitioner's award must be confirmed as the law prescribes (9 U.S.C. § 9) as all respondents are barred by the 3 month statute of limitations from challenging the award, and the agreement/contract in any way as they have failed to do so in a timely manner, as the law prescribes (9 U.S.C. § 9). Therefore there is a legitimate objection to the timeliness of vacating the award because petitioner has shown evidenced by the record, the exhibits that respondents received notice of the arbitration award prior to service of process in this summary proceeding which is not a lawsuit as respondents allege. See... *Taylor*, **788 F.2d at 225** ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary"); *First Baptist Church of Glendarden v. New Mkt. Metalcraft, Inc.*, **No. AW-10-00543, 2010 WL 3037030, at *1 (D. Md. July 30, 2010)** ("Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court"), *aff'd*, **442 F. App'x 789 (4th Cir. 2011);**

Petitioner objects to the Respondent Wilmington and Carrington's argument in its entirety that to the extent that they continue to provide hearsay in regards to being delivered a copy of the "Final Arbitration Award" for the reasons specified in petitioners entire responses and objections (Doc. No.: 32 pages 15 – 16) which is hereby reiterated and incorporated by reference in its entirety. The exhibits filed on the record confirms delivery by the U.S. Postal office through first class priority mail of what was mailed out to all parties as referenced in the "All-Purpose Proof of Service" document by Sitcomm Arbitration Association which petitioner has confirmed he received the original arbitration award around the same time the other U.S.P.S. confirmed delivery tracking documents as referenced in the All-Purpose Document and Respondent. Bank of America also received a copy of the award evidence by the Priority Mail Tracking numbers as they have not made such challenges. The law does

Page 10 | 14

not required a signature, or notarization, the "All Purpose" document, documents what was mailed and the U.S.P.S. guarantees delivery. Defendants Wilmington continue to make unsupported false allegations to improperly alleged that they were not notified in order to not be time barred but the evidence presented by the petitioner establishes otherwise. There are no affidavits sworn to under penalty of perjury and firsthand knowledge by the respondents that can prove otherwise either. Wilmington is a third party to the agreement/contract because they represent Respondents Wilmington and Carrington as their attorney in the foreclosure proceeding in Dorchester County Court as Carrington is the Agent in Fact for Wilmington through a power of attorney as they are the ones conduction the foreclosure on behalf of Wilmington as that record shows. All copies of the Arbitration agreement, the Notice of Faults and copies of the Award were filed on the record in this case by motions or other filings such as notices to the court notifying all parties of the agreement/contract, the Notice of Fault/Default and the Awards existence before any requests for confirmation were filed in this district court requesting confirmation of the award where the respondents hired new attorneys to represent them as it pertains to confirmation of the award. As all parties know, Attorneys are agents for service to a represented person, their clients, therefore Wilmington's foreclosure counsel, Albertelli Law (Attorney William S. Koehler) was the attorney agency/agent to serve process to at that time when filing in that court where they are the attorneys (agents) of record for a defendant or plaintiff as required by **SC Civil. R. Civil Procedure Rule 5 (b)(1)** therefore they were the legal general agent for service and delivery on the respondents Wilmington and Carrington and the petitioner objects to the respondents nonsensical meritless arguments therefore the respondent's motion to vacate is not timely and they are barred by the statute of limitation from challenging the award and the agreement/contract in any way.

Petitioner objects to the Respondent Wilmington and Carrington's argument in its entirety to the extent that respondents are alleging that just because petitioner files his motion to confirm in the

District Court of South Carolina, that this gives also gives this court the authority to vacate the award. Petitioner is following the terms and provision of the agreement/contract as agreed (See...section 10291 of the contract) which states that confirmation of the award can be sought in the District Court of the United States at any competent court under original jurisdiction, this court falls under this provision of the contract. This only gives this court jurisdiction under 9 U.S.C. § 9 & 13 to confirm the award and enter judgment, not vacate it the award. 9 U.S.C. § 9 prescribes that, **"If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."** The agreement specifies the court to go to for confirmation, therefore Petitioner is following the provisions of the agreement as specified above. The U.S. District Court for the District of Mississippi is the court with jurisdiction to vacate or modify the aware as prescribed under 9 U.S.C. § 10 & 11 because this is the location of the arbitrator, the state where the arbitrator is located at, who conducted the arbitration as evidenced by the award (See...page 22 of 22 of the award). The court must follow the act as written *(See...Henry Schein, Inc. v. Archer & White Sales, Inc. (January 8, 2019))*, not the way a respondent is misconstruing it based off of where the petitioner filed his application/motion for confirmation of the award. The act as written prescribes under 9 U.S.C. § 10 that, **"(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration** and then it goes on to identify the exceptions for vacating the award. The hearing took place "electronically" on May 13, 2019 as evidence by the record, the hearing notice and was conducted by the arbitrator in Laurel, Mississippi. The respondents are misconstruing the hearing with the making of the award.

Page 12 | 14

The award specifically states that the award was "SO AWARDED on May 18, 2019 "At" Laurel, Mississippi", where the arbitrator is located at and the arbitrator signed the award on this date. The award was made at the location where the assigned arbitrator is located at as specified and evidenced by the award therefore the respondent's arguments in regards to how the hearing was conducted and where the award was made fails as it is meritless and the evidence proves otherwise.

## *CONCLUSION*

For the reasons specified above, Petitioner prays that this court denies adopting the magistrate's report and recommendation, strikes the respondents untimely motions and other filings challenging the award and the agreement as they are barred and grant confirmation of petitioner's motion for an order confirming an arbitration award in its entirety.

Dated this 25th day of September, 2020.

**RESPECTFULLY PRESENTED**,

"Without Prejudice"

*Nelson L. Bruce 9-25-2020*

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing have been electronically mailed to all parties on the service list under via the: UNITED STATES POST OFFICE via the UNITED STATES POSTAL SERVICE via Postage Prepaid Priority Mail.

**Addressed to:**

Brandley Arant Boult Cummings LLP
Attention: G. Benjamin Milam
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202-2146

*Attorneys for Wilmington Savings Fund Society, FSB
and Carrington Mortgage Services, LLC*

"Without Prejudice"

*Nelson L. Bruce* 9-25-2020

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com