UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>    Petitioner,<br><br>vs.<br><br>Bank of America, N.A., Wilmington<br>Savings Fund Society, F.S.B., and<br>Carrington Mortgage Services, L.L.C.,<br><br>    Respondents.<br>_____ | Civil Action No. 2:19-2854-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Kaymani D. West on August 18, 2020 ("Report"). (ECF No. 55.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this *pro se* case was referred to Magistrate Judge West for pretrial handling and recommended findings. In her Report, the Magistrate Judge recommends that Petitioner Nelson L. Bruce's ("Petitioner") petition to confirm arbitration award and entry of judgment against Respondents Bank of America, N.A., Wilmington Savings Fund Society, F.S.B., and Carrington Mortgage Services, L.L.C. ("Respondents") be dismissed for Petitioner's failure to bring forth an enforceable arbitration agreement.[1]

**BACKGROUND**

The Magistrate Judge entered her Report on August 18, 2020, recommending that the petition to confirm arbitration award be dismissed for lack of proof as to an enforceable

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

arbitration agreement and that any purported award be vacated. (ECF No. 55 at 7.) On September 3, 2020, Petitioner filed objections making various assertions about the Court's authority to determine whether there is an enforceable arbitration agreement. (ECF No. 58.) Respondents filed replies to Petitioner's objections requesting that the Court adopt the Report, deny the petition, and vacate the purported award. (ECF Nos. 59 & 63.) Petitioner also filed further documents styled as additional objections to the Report and as a reply to Respondents' replies to his objections. (ECF Nos. 60 & 65.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge conducted a thorough analysis of Petitioner's filings and of the law applicable to the enforcement of arbitration awards in federal court, and found

that "nothing in the pleadings, attachments thereto, nor submissions to the court demonstrate[s] a scintilla of mutual assent between the parties" to arbitrate any dispute. (ECF No. 55 at 7.) Instead, the documents Petitioner submitted in support of his contention that the Court should confirm the purported arbitration award reveal Petitioner's attempts to unilaterally force arbitration with Respondents. (*Id.* at 4–7.) Accordingly, Magistrate Judge West concluded that "the essential first element of enforcement under 9 U.S.C. § 13—the existence of a binding contract to arbitrate—is missing." (*Id.* at 7.)

Petitioner's objections and related filings are "specific" in the sense that they include various arguments and assertions, many of them nonsensical, about whether there is an enforceable arbitration agreement and whether the Court has authority to make that determination. (*See* ECF Nos. 58, 60, 65.) Thus, the Court has conducted the required *de novo* review of the record. Petitioner's core contention is that the only entity/person with the authority to decide whether the alleged arbitration agreement at issue is enforceable is the arbitrator that he selected, and that individual has already determined its enforceability as evidenced by the purported award. (*See id.*)

Because Petitioner has failed to present any evidence establishing the existence of a binding arbitration agreement between himself and Respondents, the Court will adopt Magistrate Judge West's Report, deny the petition to confirm arbitration award, and vacate the alleged award. Notwithstanding their substantial length, Petitioner's objections do not meaningfully address the Magistrate Judge's factual findings and legal conclusion that Petitioner has not produced a binding arbitration agreement. (*See id.*) The Court finds that nothing in Petitioner's objections establishes the existence of an arbitration

3

agreement under applicable South Carolina law, which requires contracting parties to have a "mutual manifestation of assent" to all terms of a contract. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter . . ., courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."); *see also Edens v. Laurel Hill, Inc.*, 247 S.E.2d 434, 436 (S.C. 1978) ("It is well settled in South Carolina that in order for there to be a binding contract between parties, there must be a mutual manifestation of assent to the terms.").

Instead of responding to Magistrate Judge West's findings and conclusions by producing an arbitration agreement that shows Respondents' mutual assent, Petitioner makes extensive arguments about the Court's supposed inability to "override the contract," the arbitrator's purportedly unassailable determination that the "agreement" submitted by Petitioner is enforceable, the preemption of state law by the Federal Arbitration Act ("FAA"), and other irrelevant musings. (*See* ECF Nos. 58, 60, 65.) At bottom, Petitioner's objections merely reiterate his fatally flawed assertion that Respondents somehow agreed to arbitrate disputes by simply not responding to a demand for arbitration that Petitioner unilaterally conjured from the internet. (*See* ECF No. 58 at 11–19.) Suffice it to say, the objections are unavailing to show that any of the Magistrate Judge's factual findings or legal conclusions are incorrect. Based on the evidence in the record, the Court can safely conclude that there is not now, and never was, an arbitration agreement between Petitioner and Respondents.

Finally, Petitioner's arguments that Respondents' opposition to the alleged arbitration award is untimely or that the scope of attacking the alleged arbitration award

4

is limited to issues identified in 9 U.S.C. § 10 (*see id.* at 19–25) lack merit. These issues are premised on the establishment of a pre-existing agreement to arbitrate, *see* 9 U.S.C. § 2, and Petitioner's failure to establish the existence of such an agreement renders these arguments untenable under the FAA. *American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (stating that the text of 9 U.S.C § 2 "reflects the overarching principle that arbitration is a matter of contract").

## **CONCLUSION**

After *de novo* review of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 55) of the Magistrate Judge, OVERRULES Petitioner's objections (ECF Nos. 58, 60, 65), DENIES the petition to confirm arbitration award (ECF No. 1), and VACATES any purported award.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 3, 2022
Charleston, South Carolina